**Affirmed and Memorandum Opinion filed September 14, 2021.**



In The

## Fourteenth Court of Appeals

---

### NO. 14-21-00272-CV

---

## IN THE INTEREST OF J.P., E.P., V.P., Z.P., N.P., AND J.L., CHILDREN

---

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-04552J**

---

## MEMORANDUM OPINION

Appellant, J.L.P., appeals a final decree signed April 29, 2021, terminating her parental rights to the children who are the subject of this suit. Appellant filed a timely notice of appeal.

Appellant's appointed counsel filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim. App. 1978). The *Anders* procedures are applicable to an appeal from the termination of parental rights when

an appointed attorney concludes that there are no nonfrivolous issues to assert on appeal. *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

On July 12, 2021, this court sent appellant a notice informing her of the right to file a pro se response along with a form to request the appellate record. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991); *In re D.E.S.*, 135 S.W.3d at 329–30. More than sixty days have elapsed, and as of this date, no pro se response has been filed.

We have carefully reviewed the record and counsel's brief and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. A discussion of the brief would add nothing to the jurisprudence of the state.[1]

---

[1] The trial court found that appellant (1) "knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children, pursuant to § 161.001(b)(1)(D), Texas Family Code"; (2) "engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children, § 161.001(b)(1)(E), Texas Family Code"; (3) "had her parent-child relationship terminated with respect to another child based on a finding that the mother's conduct was in violation of § 161.001(b)(1)(D) or (E), Texas Family Code, or substantially equivalent provisions of the law of another state, pursuant to § 161.001(b)(1)(E), Texas Family Code"; and (4) "constructively abandoned the children . . . pursuant to § 161.001(b)(1)(N), Texas Family Code." The Texas Supreme Court has not decided whether a court of appeals is required to address findings in an *Anders* disposition of a termination of parental rights on predicate grounds D, E, or M. *See In re E.K.*, 608 S.W.3d 815, 815-16 (Tex. 2020) (Green, J., concurring in denial of petition for review) (citing *In re N.G.*, 577 S.W.3d 230 (Tex. 2019)). Our court has not done so. *See e.g., In re K.J.R.*, No. 14-20-00479-CV, 2021 WL 244985, at *1 (Tex. App.—Houston [14th Dist.] Jan. 26, 2021, no pet.) (mem. op.); *In re A.J.A.R.*, No. 14-20-00084-CV, 2020 WL 4260343, at *9-10 (Tex. App.—Houston [14th Dist.] July 24, 2020, pet. denied) (mem. op.); *In re L.M.W.*, No. 14-19-00925-CV, 2020 WL 1181761, at *1 (Tex. App.—Houston [14th Dist.] Mar. 12, 2020, no pet.) (mem. op.); *In re M.T.B.*, No. 14-20-00385-CV, 2020 WL 6576074, at *1 (Tex. App.—Houston [14th Dist.] Nov. 10, 2020, pet. denied) (mem. op.).

Accordingly, the judgment of the trial court is affirmed.


/s/    Frances Bourliot
Justice


Panel consists of Justices Wise, Bourliot, and Zimmerer.